[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12228
Non-Argument Calendar

_____

Agency No. A97-198-539

JOSEPH VIDO MONT GERARD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(December 15, 2008)**

Before BLACK, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Joseph Vido Mont Gerard, a citizen of Haiti, petitions for review of the

Board of Immigration Appeals' ("BIA") decision affirming the Immigration

Judge's ("IJ") order denying him asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"). The BIA and the IJ denied Mont Gerard's applications based on a finding that he was not credible. After review, we deny the petition for review.

On appeal, Mont Gerard argues that the IJ's adverse credibility determination is not supported by substantial evidence.[1] An asylum applicant has the burden to show, with specific and credible evidence, either past persecution or a "well-founded fear" of future persecution on a protected ground. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005). If the IJ finds an asylum applicant not credible, the IJ must make an explicit adverse credibility finding and offer "specific, cogent reasons" for the finding. Id. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1255 (11th Cir. 2006).[2] "Once an adverse credibility finding is made,

---

[1]Where, as here, the BIA adopts the IJ's reasoning, we will review the IJ's and the BIA's decisions. See Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Credibility determinations are reviewed under the substantial evidence test, and we will overturn them only if the record compels it. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286-87 (11th Cir. 2005).

[2]The REAL ID Act of 2005 amended the Immigration and Nationality Act ("INA") to permit an adverse credibility determination based on inconsistencies that do not go "to the heart of the applicant's claim." See Pub. L. No. 109-13, § 101(a)(3), (d)(4)(C), 119 Stat. 231, 303, 304-05 (codified at 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1229a(c)(4)(C). Because Mont Gerard's application was filed before May 11, 2005, the REAL ID Act's changes do not apply to his claims. Nonetheless, we need not resolve whether adverse credibility determinations in pre-REAL ID Act cases must go to the heart of the claim because the inconsistencies identified by

the burden is on the applicant alien to show that the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287.

The IJ and the BIA gave specific, cogent reasons for finding Mont Gerard not credible. Specifically, the IJ found that Mont Gerard's testimony was vague and inconsistent regarding (1) his membership and leadership in, and the nature of, the PLB party (which he claimed caused Lavalas to target him), (2) an incident in which a group protested and threw rocks at his home, and (3) the injury he received running away from his Lavalas assailants. The IJ also found Mont Gerard failed to give a plausible reason for remaining in Port Au Prince after he felt threatened and moved his family away or for returning to Haiti after spending fifteen days in the United States. These reasons for discrediting Mont Gerard are supported by substantial evidence.[3] Furthermore, Mont Gerard does not contend that the other evidence in the record, alone, compels a conclusion that he was persecuted or has a well-founded fear of future persecution. Because Mont Gerard failed to establish eligibility for asylum, he likewise failed to establish eligibility for withholding of

the IJ and the BIA in this case relate directly to Mont Gerard's claims of persecution.

[3]Because we conclude that the adverse credibility determination is supported by substantial evidence, we do not address Mont Gerard's argument that his testimony, taken as true, established past persecution or a well-founded fear of future persecution.

removal.  <u>See</u> <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1292-93 (11th Cir. 2001).[4]

**PETITION DENIED.**

---

[4]We lack jurisdiction to review Mont Gerard's CAT claim because he did not raise it with the BIA.  <u>See</u> 8 U.S.C. § 1252(d)(1), INA § 242(d)(1); <u>Amaya-Artunduaga v. U.S. Att'y Gen.</u>, 463 F.3d 1247, 1250 (11th Cir. 2006).